UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.

THOMAS ROZEMA,

    Defendant.
_____/

Case No. 8:03-CR-326-T-23MSS
          8:04-CV-2210-T-23MSS

## ORDER

Thomas Rozema challenges the validity of his federal sentence in a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The motion was initially dismissed (Doc. 5) as meritless. Rozema's motion for reconsideration (Doc. 7) was granted (Doc. 8), and the United States was directed to respond to Rozema's claims. This court again determines that the motion to vacate sentence is without merit.

Rozema was convicted of making false statements and misuse of a social security number, specifically, the name of "Patrick Gawne" and that individual's social security number. The conviction and sentence were pursuant to a plea agreement, which agreement resolved Rozema's guilt but left undetermined the amount of unpaid taxes.[1] At the sentencing hearing, this court rejected Rozema's argument that he is entitled to credit for $11,365 in taxes he timely paid to the Internal Revenue Service

---

[1] Rozema's counsel represented that the United States "worded the facts in the plea agreement in a way that we'd be able to agree to without conceding this loss disagreement . . . ." Transcript of Sentencing Hearing at 33 (Doc. 50).

(IRS) in the name of Patrick Gawne. Consequently, the sentence calculation included a three-level enhancement because the amount of unpaid taxes was between $10,000 and $20,000, USSG § 2F1.1(b)(1)(D), which enhancement resulted in a sentence of 21 months imprisonment and 3 years of supervised release. Rozema does not challenge the validity of his conviction, but he asserts two challenges to his sentence.

First, Rozema again argues that he is entitled to credit for the disputed tax payment. He relies on recently obtained government documents as proof that the IRS received his $11,365 payment. But receipt of the payment was not disputed at the time of sentencing; the IRS received the payment but refunded the money to the real Patrick Gawne.[2] Rozema is responsible for the confusion because he illegally used another's identity.[3] The IRS remains unpaid for the more than $11,000 in taxes.

Rozema's challenge is not only without merit, but as part of the plea agreement he waived the right to challenge the calculation of his sentence: the defendant "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground" except for certain reasons not relevant here. Plea Agreement ¶5 at 13 (Doc. 23). The United States correctly argues that Rozema's waiver encompasses his right to challenge his sentence in a § 2255 proceeding. *Williams v. United States*,

---

[2] Rozema's counsel "argue[d] that [Rozema] should get credit for the $11,000 check submitted. [T]he guidelines allow for credit for any payments made prior to the detection of the offense. There's no disagreement that this payment was made and received by the IRS before Mr. Rozema was detected as committing this crime." Transcript of Sentencing Hearing at 30 (Doc. 50).

[3] The United States properly argued that "[t]he bottom line is this defendant did not file under his name, he filed under somebody else's name. And so, consequently he shouldn't be given credit for anything that happened to that filing. Because that's part of an identification theft." Transcript of Sentencing Hearing at 18 (Doc. 50).

396 F.3d 1340 (11th Cir. 2005)(appeal waiver in the plea agreement also waives the right to challenge the sentence in a § 2255 proceeding).

Second, Rozema's challenge to the validity of his sentence based on *United States v. Booker*, \_\_\_ U.S. \_\_\_, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, \_\_\_ U.S. \_\_\_, 124 S.Ct. 2531 (2004), is without merit. The decisions announced in *Booker* and *Blakely* are not applicable to cases on collateral review. *See In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005)("Regardless of whether *Booker* established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review."), and *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004)("Because *Blakely*, like *Ring [v. Arizona*, 536 U.S. 584 (2002)], is based on an extension of *Apprendi [v. New Jersey*, 530 U.S. 466 (2000)], Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review.").

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Thomas Rozema and **CLOSE** this action.

ORDERED in Tampa, Florida, on April 26th, 2005.

Steven D. Merryday
UNITED STATES DISTRICT JUDGE

SA/ro